IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MERCK MUMPS VACCINE ANTITRUST LITIGATION : : : : : : : : THIS DOCUMENT RELATES TO: : ALL ACTIONS : | CIVIL ACTION<br>Master File No. 12-3555 |

### ORDER

**AND NOW**, this **27th day** of **July 2023**, upon consideration of Defendant Merck's Motion for Summary Judgment (ECF No. 272) and Defendant Merck's Motion to Exclude Evidence from Dr. Thomas Copmann Pursuant to Federal Rule of Evidence 702 and *Daubert* (ECF No. 305), along with the responses and replies thereto, it is **hereby ORDERED** that for the reasons stated in the accompanying Memorandum:

1. Defendant Merck's Motion for Summary Judgment (ECF No. 272) is **GRANTED IN PART and DENIED IN PART**. Judgment is **ENTERED** in favor of Defendant Merck **on Count II** (*i.e.*, the NYDAPA and NJCFA claims), and therefore, **Count II is DISMISSED IN FULL AND WITH PREJUDICE**.

2. Defendant Merck's Motion to Exclude Evidence from Dr. Thomas Copmann Pursuant to Federal Rule of Evidence 702 and *Daubert* (ECF No. 305) is **DENIED.**

3. The accompanying Memorandum **shall remain under seal for seven days**. Any party or non-party seeking to preclude public access to the accompanying Memorandum shall

1

**show particularized good cause**[1] in a memorandum not exceeding five pages to be filed no later than **12:00 p.m. on August 3, 2023** as to why the Court should preclude public access as to each word/line sought to be precluded from public access and shall email the underlying Memorandum with the proposed redactions to Chambers contemporaneous with filing the show cause memorandum.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

[1] *See Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) (explaining that a party seeking to overcome the presumption of access to a judicial document bears the burden of showing "that the interest in secrecy outweighs the presumption" and that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure"); *see also In re: Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-mc-209-CFC, 2020 WL 2949742 (D. Del. Mar. 25, 2020).