IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MERCK MUMPS VACCINE ANTITRUST LITIGATION : : : : : : : : THIS DOCUMENT RELATES TO: : ALL ACTIONS : | CIVIL ACTION Master File No. 12-3555 |

# ORDER

**AND NOW**, this **10th** day of **October 2023,** upon consideration of Defendant Merck's Motion for Reconsideration of the Court's July 27, 2023 Order Or, Alternatively, for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 363), Plaintiffs' Response in Opposition (ECF No. 366), and Defendant's Reply (ECF No. 369), it is **hereby ORDERED** that Defendant Merck's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **GRANTED.**[1]

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[1]     Defendant Merck ("Merck") moves for reconsideration of this Court's July 27, 2023 Order denying in part and granting in part Merck's Motion for Summary Judgment, or alternatively, for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 363. Merck argues that reconsideration or interlocutory appeal is warranted because (1) "the sham litigation exception to *Noerr-Pennington* immunity cannot apply to the limited set of FDA communications that Plaintiffs rely on"; and (2) "Plaintiffs cannot make out an antitrust injury." *Id.* at 8–10. For the

reasons set forth below, this Court denies Merck's Motion for Reconsideration, but grants Merck's Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

**Motion for Reconsideration**

"Under [Federal Rule of Civil Procedure] 54(b), an order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Stockton v. Wetzel*, No. 1:16-CV-00613, 2023 WL 5751409, at *2 (M.D. Pa. Sept. 6, 2023) (quoting Fed. R. Civ. P. 54(b)). "District courts generally possess more discretion to reconsider interlocutory orders than to reconsider final judgments." *Gay v. A.O. Smith Corp.*, No. 2:19-CV-1311, 2022 WL 2829887, at *1 (W.D. Pa. Apr. 21, 2022) (citation omitted). As such, "[r]econsideration of interlocutory orders 'may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issue[d] the underlying order, or the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Stockton*, 2023 WL 5751409, at *2 (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)). "Nevertheless, 'the movant must still establish good cause for why the court should revisit its prior decision.'" *Gay*, 2022 WL 2829887, at *1 (quoting *Qazizadeh*, 214 F. Supp. 3d at 295). "Good cause will not exist when such a motion is 'used as a means to reargue matters already argued,' is merely 'an attempt to relitigate a point of disagreement between the Court and the litigant,' is nothing more than a 'second bite at the apple,' or raises 'new arguments or evidence that could have been proffered prior to the issuance of the order in question.'" *McDonough v. Leopold & Assocs., PLLC*, No. 2:21-CV-00375, 2023 WL 5044924, at *2 (W.D. Pa. Aug. 8, 2023) (quoting *Qazizadeh*, 214 F. Supp. 3d at 295–96). Accordingly, "[a]lthough a court 'has the power to revisit prior decisions of its own,' it 'should be loathe to do so in the absence of extraordinary circumstances.'" *Id.* (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)).

As noted above, Merck argues that reconsideration is warranted on (1) the Court's conclusion that *Noerr-Pennington*'s sham exception could apply to successful, non-adjudicatory petitioning activity, and (2) the Court's conclusion that Plaintiffs raised a genuine issue of material fact on antitrust injury. ECF No. 363-1 at 8–10. Both of these arguments repeat arguments raised by Merck in its initial summary judgment briefing and this Court has not been presented with good cause which would warrant this Court revisiting its prior decision. Therefore, this Court denies Merck's Motion for Reconsideration.

**Motion for Certification of an Interlocutory Appeal**

"The decision to certify an order for interlocutory review is only appropriate in exceptional circumstances and [courts] should be mindful of the strong policy against piecemeal appeals when exercising [their] discretion." *Johnson v. National Collegiate Athletic Ass'n*, No. 19-cv-5230, 2021 WL 6125095, at *2 (E.D. Pa. Dec. 28, 2021) (internal quotation marks and citations omitted). The Third Circuit has indicated "that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation." *Id.* (internal quotation marks and citation omitted). 28 U.S.C. § 1292(b) sets forth a three-part test for certification of interlocutory appeal: (1) whether the motion to be appealed involves controlling question of law; (2) whether there is

substantial ground for the difference of opinion with respect to resolution of the issue to be appealed; and (3) whether an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation.

"With respect to the first element, an interlocutory Order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal, or (2) the question is serious to the conduct of the litigation either practically or legally." *Marcelle v. City of Allentown*, No. 07-CV-4376, 2010 WL 3606405, at *2 (E.D. Pa. Sept. 16, 2010) (internal quotation marks and citation omitted). With respect to the second element, "a substantial ground for difference of opinion must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Azer Scientific Inc. v. Quidel Corp.*, No. 5:21-CV-02972, 2023 WL 289696, at *7 (E.D. Pa. Jan. 18, 2023) (internal quotation marks and citations omitted) (cleaned up). Finally, with respect to the last element, "a [Section] 1292(b) certification 'materially advances the ultimate termination of the litigation' where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Id.* (internal quotation marks and citation omitted) (cleaned up).

Here, Merck argues that certification is warranted on the same two grounds for which it argued reconsideration is warranted—*i.e.*, (1) this Court's *Noerr-Pennington* holding; and (2) this Court's antitrust injury holding. Notwithstanding the fact that Court considers Merck's Motion to be nothing more than a second bite at the apple, the Court will certify an interlocutory appeal as it finds Merck satisfies the three-part test in 28 U.S.C. § 1292(b). First, were the Third Circuit to agree with Merck and find as a matter of law that *Noerr-Pennington* immunity applied and/or that Plaintiffs lacked antitrust standing, that would constitute reversible error if presented on a final appeal. As to the second element, this case presents particularly unique and complex facts, and accordingly, there is an absence of Third Circuit precedent directly on point. Therefore, this Court finds the case presents issues that should be decided by the Third Circuit before it proceeds any further.

Finally, certification would materially advance the termination of the litigation. It would amount to an incredible waste of time and expense for the litigants and the Court if this Court were to conduct a lengthy jury trial on the remaining antitrust claim, only to find out on direct appeal that summary judgment should have been entered on that claim against Plaintiffs and in favor of Merck. Moreover, this action is intimately intertwined with the facts in the False Claims Act case, *United States ex rel. Krahling v. Merck & Co., Inc.*, No. 10-4374, in which this Court granted summary judgment for Merck and Relators appealed. *See United States ex rel. Krahling v. Merck & Co., Inc.*, No. 23-2553 (3d Cir. Sept. 5, 2023). Therefore, although the Court is cognizant of the length of time this action has been pending, it would benefit judicial economy to have this antitrust action reviewed by the Third Circuit in conjunction with the False Claims Act appeal. Doing so is likely to "spare time and expense for both Court and litigants" in the long run. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 601 (E.D. Pa. 2008). Accordingly, this Court will certify Merck's interlocutory appeal.

**Conclusion**

      For the foregoing reasons, Merck's Motion for Reconsideration is denied and its Motion for Certification of an Interlocutory Appeal (ECF No. 363) is granted.